## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLORIA ALLISON and BEVERLY YOUNG, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 07-CV-0006-CVE-FHM** |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY and NEW ENGLAND LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

Now before the Court is Plaintiffs' Motion to Remand (Dkt. # 16) filed on February 26,

2007.[1]  Plaintiffs originally brought this action in the District Court of Tulsa County.  Plaintiffs'

complaint seeks recovery under a 1979 life insurance policy (the "Policy") issued by New England

Mutual Life Insurance Company.[2]  The Policy named Gladys H. Lunn as the insured and Boiler

Supply Co., Inc. ("Boiler") as the Owner and Beneficiary.  Dkt. #2-2, ¶ 4.  Plaintiffs allege that, in

1990, Boiler executed an agreement to permanently change the designated beneficiary to plaintiffs,

in equal shares.  Based on a 1993 Beneficiary and Owner Designation form that conflicted with the

1990 agreement, however, MetLife distributed approximately two thirds of the Policy proceeds to

Boiler and the remainder to plaintiffs.  Id., ¶¶ 8, 13.  Plaintiffs allege that defendants "disregarded

---

[1]     Plaintiffs filed the motion to remand more than thirty (30) days after defendants filed the
        notice of removal.  However, the thirty-day requirement set forth in 28 U.S.C. § 1447(c)
        does not apply because the motion to remand is premised on the Court's lack of subject
        matter jurisdiction.

[2]     According to the complaint, Metropolitan Life Insurance Company ("MetLife") is the
        successor in interest to New England Mutual Life Insurance Company.  Dkt. # 2-2, ¶ 5.  It
        is unclear from what the relationship is between New England Mutual Life Insurance and
        the named defendant, New England Life Insurance Company ("NEL").

the relevant provision of the 1990 agreement" and thereby "breached the covenant of good faith and fair dealing." Id., ¶¶ 12, 14.  In the complaint, plaintiffs seek actual and punitive damages in excess of $10,000.[3]

Defendants removed this action to this Court on the basis of diversity jurisdiction on January 3, 2007.  Dkt. # 2.  They contend that diversity jurisdiction is properly invoked here because (1) MetLife is a foreign corporation incorporated in New York with its principal place of business in New York; (2) NEL is a foreign corporation incorporated in Massachusetts with its principal place of business in Massachusetts; (3) Gloria Allen is a citizen of Oklahoma, and (4) Beverly Young is a citizen of Tennessee.  Defendants further contend the federal jurisdictional amount in controversy is met, alleging:

> The following particularized statement of facts, set forth pursuant to LCvR 81.3(a), demonstrates the amount in controversy exceeds $75,000.  Plaintiffs' lawsuit arises from payment of proceeds under a life insurance policy.  Plaintiffs seek actual damages in excess of $10,000 for breach of contract and breach of the covenant of good faith and fair dealing.   The policy proceeds at issue total $53,546.42. Additionally, Plaintiffs seek punitive damages to be set by the jury for Defendants' alleged "intentional acts," a request that alone places the amount in controversy at upwards of $500,000 under Oklahoma law.  Petition, ¶ 17.  Punitive damages are properly considered in determining satisfaction of the jurisdictional amount in controversy. . . .  Under Oklahoma law, 23 Okla. St. § 9.1(C), a jury may award up to $500,000, without regard to the amount of actual damages, for an insurer's intentional and malicious breach of its duties to act fairly and in good faith.  23 Okla. St. § 9.1(C). And on the lowest level of potential recovery, a jury may award up to $100,000, without regard to the amount of actual damages, for an insurer's reckless

---

[3]     In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

OKLA. STAT. tit. 12, § 2008(2).

disregard of its right to deal fairly and act in good faith. 23 Okla. S. § 9(B). Considering the amount of the policy proceeds at issue, the facts Plaintiffs seek actual damages for breach of the implied covenant of good faith and fair dealing, and the fact that Plaintiffs seek punitive damages for alleged conduct authorizing an award anywhere from $100,000 to $500,000, the amount in controversy plainly exceeds $75,000.

Dkt # 2, ¶ 4.

Section 1447 requires that a case be remanded to state court if, at any time before final judgment, it appears the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Fields v. Progressive Preferred Ins. Co., 2006 WL 2645134 (N.D. Okla., Sept. 12, 2006) (applying Laughlin and remanding case); Ferguson v. Progressive Direct Ins. Co., 2006 WL

2571853 (Sept. 5, 2006) (same); Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266

(N.D. Okla. 1996) (same); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same);

Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla.

1996) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v.

Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co., 953 F. Supp. 350 (N.D.

Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same);

Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Where the face of the complaint does not affirmatively establish the requisite amount in

controversy, the removing defendant bears the burden of establishing federal court jurisdiction at

the time of removal.  The plain language of Laughlin requires a removing defendant to set forth, in

the removal documents, not only the defendant's good faith belief that the amount in controversy

exceeds $75,000, but also specific facts underlying the defendant's assertion.  In other words,

Laughlin contemplates that the removing party will undertake to perform an economic analysis of

the alleged damages with underlying facts which form the basis of its belief that there is more than

$75,000 at issue in the case.  Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995).

In the instant case, in their complaint, plaintiffs have asserted claims for both contractual and

extra-contractual damages, including financial damages and punitive damages in excess of $10,000.

The face of the complaint does not affirmatively establish that the amount in controversy exceeds

$75,000.  In their notice of removal, defendants attempt to set forth specific facts that demonstrate

the federal amount in controversy has been met.  Specifically, defendants assert in their notice of

removal that the amount in controversy is established, in part, by the policy proceeds at issue, which

total $53,546.42.  It is not clear from the face of the complaint, however, that plaintiffs seek this

amount[4] and defendants fail to set forth any underlying facts to support this assertion.

Defendants further assert that the amount in controversy is established when taking into

account plaintiffs' claim for punitive damages.  They note that, if the jury finds that defendants acted

intentionally and with malice towards others, or intentionally and with malice breached their duty

to deal fairly and act in good faith with their insured, the jury may award punitive damages in an

amount not to exceed the greatest of: (1) $500,000, (2) twice the amount of actual damages awarded,

or (3) the increased financial benefit derived by defendants or insurer as a direct result of the

conduct causing the injury to plaintiffs and other persons or entities.  OKLA. STAT. tit. 23, § 9.1(C).[5]

Punitive damages may be taken into account in calculating the amount in controversy.  See Bell v.

Preferred Life Assur. Soc'y, 320 U.S. 238, 240 ("[w]here both actual and punitive damages are

recoverable under a complaint each must be considered to the extent claimed in determining

jurisdictional amount") (emphasis added).  However, this Court has held numerous times that the

mere invocation of state law limits on punitive damages does not establish the underlying facts

necessary to fix the amount in controversy under Laughlin.  See, e.g., DKNP, L.L.C. v. Hartford

Casualty Ins. Co., 2007 WL 120729 (N.D. Okla. Jan. 10, 2007); Ferguson v. Progressive Direct Ins.

Co., 2006 WL 2571853 (N.D. Okla. Sept. 5, 2006).  Contrary to defendants' argument, this Court's

---

4       On the contrary, plaintiffs allege that "Defendants distributed approximately two thirds (2/3)
        of the policy proceeds to Boiler and the remainder in equal shares to Plaintiffs."  Dkt. # 2-2,
        ¶ 13.  Presumably, since they have received approximately one third of the policy proceeds,
        plaintiffs seek the remaining two thirds that were distributed to Boiler.  It is not clear from
        the face of the complaint or the notice of removal what the face value of the Policy (and
        hence the two thirds) is.

5       Defendants also cite to OKLA. STAT. tit. 23, § 9(B).  However, OKLA. STAT. tit. 23, § 9 was
        repealed and replaced with OKLA. STAT. tit. 23, § 9.1.

interpretation of <u>Laughlin</u> does not place upon defendants "the unreasonable burden of proving Plaintiffs' case for punitive damages for them," Dkt. # 18, at 7; rather, it reflects the fact that defendants – not plaintiffs – have the burden of establishing subject matter jurisdiction upon removing the action to federal court.

Defendants alternatively request a stay of a decision on plaintiffs' motion to remand "pending Plaintiffs' submission of a computation of all categories of damages in controversy." Dkt. # 18, at 8.  The Court denies defendants' request for a stay because defendants bear the burden of establishing federal court jurisdiction <u>at the time of removal</u>, and not by supplemental submission. <u>Laughlin</u>, 50 F.3d at 873.  <u>See also</u> <u>Flowers v. EZPawn Oklahoma, Inc.</u>, 307 F. Supp. 2d 1191, 1193-94 (N.D. Okla. 2004) (refusing to consider the "breakdown of costs" contained in defendants' response to the motion to remand as a motion to amend the notice of removal because defendants bore the burden of establishing the amount in controversy at the time of removal); <u>Herber</u>, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal).

Defendants claim that a stay is warranted in the interests of equity and judicial economy "because Defendants have relied upon authority supporting removal on the basis of the information at hand." Dkt. # 18, at 8.  However, the only case upon which defendants appear to have relied is a non-binding case from the Western District of Oklahoma.[6]  <u>See</u> Dkt. # 2, at 2 n.1.  Had defendants conducted a search of the case law in the Northern District of Oklahoma, however, they would have

---

[6]     As plaintiffs point out, in more recent cases, "the Western District of Oklahoma has joined the Northern District in rejecting the very argument presented by Defendants in this matter." Dkt. # 16, at 5 n.2.

found numerous cases – many of which are virtually identical to this case – setting forth this Court's interpretation of Laughlin.

In summary, the Court finds that defendants' conclusory statements do not constitute an analysis of the alleged damages as contemplated by the Tenth Circuit in Laughlin.  The Court concludes that removal is improper on the basis of diversity jurisdiction since it has not been established, either in plaintiffs' complaint or in defendants' notice of removal, that the amount in controversy here exceeds $75,000.  Thus, the Court is without subject matter jurisdiction and lacks the power to hear this matter.  As a result, the Court must remand this action to the District Court of Tulsa County.  Plaintiff may file a motion for attorney fees pursuant to 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Dkt. # 16) is hereby **granted**.  The Court hereby directs the Court Clerk to **remand** this case to the District Court in and for Tulsa County.

**DATED** this 17th day of April, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT